DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. The court found Michael Samuels, defendant below and appellant herein, guilty of trafficking in violation of R.C. 2925.03(A) (C)(4)(c) after accepting his guilty plea. The following error is assigned for our review:
"The trial court erred by ordering Mr. Samuels to pay restitution in the amount of $880 to Washington County as reimbursement for the buy money used to purchase the drugs for which Mr. Samuels was convicted."
 {¶ 2} On or about August 16, 2002, the Washington County Grand Jury returned an indictment charging appellant with two counts of trafficking in violation of R.C. 2925.03(A)(C)(4)(c). Appellant initially pled not guilty to the charges, but later reached an agreement with the prosecution in which he would plead guilty to the first count in exchange for dismissal of the second count. The trial court accepted appellant's plea and sentenced appellant to an eighteen (18) month definite term of imprisonment. The court also ordered appellant to pay the Washington County Sheriff's Department $880 to reimburse it for funds used by an informant to purchase the drugs for which appellant was convicted of trafficking. This appeal followed.
 {¶ 3} Appellant argues in his assignment of error that the trial court erred in ordering him to pay restitution to the Washington County Sheriff's Office. Specifically, appellant contends that Ohio law does not allow for restitution under these circumstances. We reluctantly agree with that contention.
 {¶ 4} Our analysis begins with the premise that a trial court may only impose a sentence provided for by statute. State v. Drennen (Jul. 24, 1997), Gallia App. No. 97CA2 citing State v. Beasley (1984),14 Ohio St.3d 74, 75, 471 N.E.2d 774; Colegrove v. Burns (1964),175 Ohio St. 437, 438, 195 N.E.2d 811. We turn to the following provisions of R.C. 2929.18:
"(A) Except as otherwise provided . . . the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section . . . Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
"(1) Restitution by the offender to the victim of the offender's crime
or any survivor of the victim, in an amount based on the victim's economic loss. The court shall order that the restitution be made to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court, except that it may include a requirement that reimbursement be made to third parties for amounts paid to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense. If reimbursement to third parties is required, the reimbursement shall be made to any governmental agency to repay any amounts paid by the agency to or on behalf of the victim or any survivor of the victim for economic loss resulting from the offense before any reimbursement is made to any person other than a governmental agency. If no governmental agency incurred expenses for economic loss of the victim or any survivor of the victim resulting from the offense, the reimbursement shall be made to any person other than a governmental agency to repay amounts paid by that person to or on behalf of the victim or any survivor of the victim for economic loss of the victim resulting from the offense. The court shall not require an offender to repay an insurance company for any amounts the company paid on behalf of the offender pursuant to a policy of insurance. At sentencing, the court shall determine the amount of restitution to be made by the offender. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender." (Emphasis added.)
 {¶ 5} It is clear from this statute that the Ohio General Assembly intended that "victims" of crime receive restitution. A "victim" is generally defined as the person who was "the object" of the crime — e.g. the victim of the robbery is the person who was robbed. Black's Law Dictionary (5th Ed. 1979) 1405. We do not question that, under certain circumstances, county government can be the victim of a crime. For instance, if appellant embezzled money from a county department, or vandalized one of its vehicles, then the county would be the "victim" of a crime and appellant could be made liable for restitution for the damage he caused. In this case, however, the Sheriff's Department voluntarily spent its own funds to pursue a drug buy through an informant. Thus, we believe that ordering appellant to pay restitution in this matter was not authorized by statute and was impermissible.
 {¶ 6} The prosecution apparently concedes that no statutory authorization exists for the restitution. It argues, however, that appellant either waived or invited the error by agreeing to pay restitution in exchange for a lesser sentence. We are not persuaded.
 {¶ 7} Our review of the record reveals no evidence to establish that appellant agreed to pay restitution in order to obtain a lesser sentence. The transcript of the January 13, 2003 sentencing hearing provides:
"THE COURT: * * * Imposition of sentence in this case was — do you wish to make a statement, [prosecutor]?
[PROSECUTOR]: No, Your Honor, other than we would ask — and I think it's probably in the pre-sentence — ask the Defendant be made to pay restitution to the Sheriff's Office for the monies extended for the two drug purchases that Mr. Samuels was involved in, including the one he pled to. That's all.
THE COURT: Okay. [Defense Counsel], do you wish to make a statement?
[DEFENSE COUNSEL]: Your Honor, we'd request that the Court sentence him to SEPTA. There is a codefendant in this case, Mr. Lincoln. Obviously,Mr. Samuels needs to pay his share or whatever he's responsible for; if Mr. Lincoln's involved in (unintelligible). We'd ask for him to make his half of the one as well. Mr. Samuels is employed at Days Inn in Williamstown, Your Honor. If the Court would deem it appropriate to send him to SEPTA, he could continue that employment in the Athens area up thee, if they would send him. We're asking that he — that he be granted the opportunity to be given SEPTA and community control.
* * *
THE COURT: Okay . . . Mr. Samuels, do you wish to make a statement on your own behalf, or offer any information in mitigation of punishment? * * *
[APPELLANT] No, sir." (Emphasis added.)
 {¶ 8} Appellant did agree to pay restitution for "his share or whatever he's responsible for." We don't believe that this comment particularly helps the prosecution's argument, however, because, as noted above, the statute did not make appellant liable for any restitution in this case. Thus, appellant's "share" was nothing. In any event, there is no explicit agreement in this exchange to support the prosecution's argument that appellant agreed to pay restitution in return for a reduced sentence.
 {¶ 9} The most that can be said is that appellant acquiesced in the sentence. While the prosecution maintains that this constitutes a waiver, we note that courts will take notice of plain error when it concerns the imposition of sentences not authorized by statute. See Statev. Rohda (1999), 135 Ohio App.3d 21, 25, 732 N.E.2d 1018; In re Keith
(Sep. 25, 2001), Franklin App. No. 01AP-228. Thus, we will recognize plain error when restitution of this sort was not permitted by statute.[1]
 {¶ 10} Therefore, we believe that 2929.18(A)(1) does not provide for restitution to be paid to a Sheriff's Office for the money it advances for an undercover drug purchase. While we have no objection to the general idea that a defendant should be required to reimburse a police agency for monies expended in this fashion, we are not willing to read the current version of the sentencing statutes in this manner. If the statute does not expressly provide for a certain sentence, courts are not permitted to enlarge the scope of a statute. This is an issue that should be addressed by the legislature. Thus, absent an explicit agreement by the parties concerning the type and the amount of restitution requested in the instant case, we are unwilling to conclude that the trial court require the appellant to make restitution to the police agency. This is a matter that could have been explicitly addressed in a negotiated plea agreement, however. Again, we recognize the prosecution's argument that the plea agreement in the instant case did in fact address the restitution issue. In our view, however, that agreement did not adequately or clearly provide for the type of restitution ordered in this case.
 {¶ 11} For the reasons stated above, we find appellant's assignment of error well taken and it is hereby sustained. The judgment of the trial court is modified so as to delete the requirement that appellant pay the Washington County Sheriff's Department restitution for drug money. The remainder of the judgment is then affirmed as modified.
JUDGMENT AFFIRMED AS MODIFIED.
Harsha, J.: Dissents with Dissenting Opinion.
Kline, J.: Concurs in Judgment Opinion.
[1] Moreover, assuming arguendo that restitution could have been imposed here, we note that the amount ordered is problematic. Restitution may only be ordered on crimes for which a defendant is convicted and sentenced. State v. Hafer (2001), 144 Ohio App.3d 345, 348, 760 N.E.2d 56. In the instant case appellant was convicted and sentenced on Count I of the indictment, not Count II. The transcript of the change of plea hearing reveals the prosecution's description of the underlying facts in the case and how the informant "counted out $500 in cash to the Defendant." Thus, it further appears to us that the amount of money at issue in Count I was only $500 and it would have been error to impose restitution for anything more than that.