The STATE of Ohio, Appellee,

v.

TOLER, Appellant.

[Cite as *State v. Toler,* 174 Ohio App.3d 335, 2007-Ohio-6967.]

Court of Appeals of Ohio,
Third District, Hardin County.

No. 6–07–19.

Decided Dec. 26, 2007.

336

Bradford W. Bailey, Hardin County Prosecuting Attorney, and Phillip A. Riegle, Assistant Prosecuting Attorney, for appellee.

Maria Santo, for appellant.

Rogers, Presiding Judge.

{¶ 1} Defendant-appellant, Ronnie Lee Toler, appeals the judgment of the Hardin County Court of Common Pleas ordering him to pay restitution. On appeal, Toler asserts that the trial court erred by granting restitution to the Hardin County Sheriff's Department. Based on the following, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

{¶ 2} In February 2006, the Hardin County Grand Jury indicted Toler on one count of domestic violence in violation of R.C. 2919.25(A),(D)(4), a felony of the third degree; one count of disrupting public services in violation of R.C. 2909.04(A)(1), a felony of the fourth degree; and one count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree. The indictment stemmed from an incident involving a physical altercation between Toler and his girlfriend. Subsequently, Toler entered a plea of not guilty to all counts in the indictment.

{¶ 3} In May 2006, Toler withdrew his not guilty plea and entered a negotiated plea of guilty to the domestic-violence count in exchange for dismissal of the remaining counts of the indictment.

{¶ 4} In August 2006, Toler failed to appear for sentencing and, consequently, the trial court issued a bench warrant for his apprehension.

{¶ 5} In January 2007, Toler was apprehended in Iowa and extradited to Ohio. Thereafter, the trial court held a hearing and revoked bond. Additionally, in a separate case, Toler was indicted for his failure to appear.

{¶ 6} In March 2007, the trial court continued both cases indefinitely due to Toler's pending motion to determine competency in his failure-to-appear case.

{¶ 7} In June 2007, Toler's cases resumed and the trial court held a sentencing hearing regarding his domestic-violence case. The trial court sentenced Toler to a five-year prison term for the domestic-violence conviction, imposed court costs for the "costs of supervision, confinement, and prosecution," and ordered him to pay restitution in the amount of $694.10 to the Hardin County Sheriff's Office for the expenses associated with his extradition.

{¶ 8} It is from this judgment that Toler appeals, presenting the following assignment of error for our review.[1]

---

1. We note that the only case before us is Toler's domestic-violence case and that his sole contention involves the order of restitution. Thus, neither his conviction nor his failure-to-appear case is at issue.

**The trial court committed an error of law by granting restitution to the Hardin County Sheriff's Department.**

{¶ 9} In his sole assignment of error, Toler asserts that the trial court erred by ordering him to pay restitution to the Hardin County Sheriff's Department. Specifically, Toler contends that he could only be required to pay restitution in this case for his domestic-violence offense and that the trial court lacked the authority to award restitution to the Hardin County Sheriff's Office because it was not the object of the domestic violence. We agree.

{¶ 10} The state concedes that restitution would have been proper in Toler's failure-to-appear case and not this case but urges us to treat the error as harmless and to consider the extradition expenses as part of the costs of prosecution. We decline to do so.

{¶ 11} R.C. 2929.18 governs the imposition of financial sanctions and authorizes a trial court to impose such sanctions, in addition to court costs.

(1) *Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss.* \* \* \* If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, *provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.*

(Emphasis added.) R.C. 2929.18(A)(1). We have found that based upon the plain language of R.C. 2929.18(A)(1), the General Assembly intended that restitution be available only to the actual victims of the offense. *State v. Christy,* 3d Dist. No. 16–04–04, 2004-Ohio-6963, 2004 WL 2940888, ¶ 16, citing *State v. Samuels,* 4th Dist. No. 03CA8, 2003-Ohio-6106, 2003 WL 22704409, ¶ 5. Accordingly, "the right to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted." *State v. Williams* (1986), 34 Ohio App.3d 33, 34, 516 N.E.2d 1270; see also *State v. Pietrangelo,* 11th Dist. No. 2003–L–125, 2005-Ohio-1686, 2005 WL 820526, ¶ 13; *State v. Williams,* 3d Dist. No. 8–03–25, 2004-Ohio-2801, 2004 WL 1192118, ¶ 23; *State v. Hooks* (2000), 135 Ohio App.3d 746, 749, 735 N.E.2d 523. With the exceptions of certain circumstances inapplicable to this case, government entities do not constitute "victims" entitled to restitution for their expenditure of public funds in the pursuit of fighting crime. *Pietrangelo,* 2005-Ohio-1686, 2005 WL 820526, at ¶ 15–17.

{¶ 12} In the case sub judice, Toler entered a plea of guilty to domestic violence and was sentenced for that offense. The victim of the domestic violence

was his girlfriend, not the Hardin County Sheriff's Office. As the state concedes, the trial court could only order Toler to pay restitution for any economic losses suffered by the victim that may have stemmed directly from the domestic violence. Thus, we find that the trial court erred by ordering Toler to pay the Hardin County Sheriff's Office restitution for extradition expenses.

{¶ 13} Nevertheless, the state urges us to find that the trial court's error was harmless and to consider the extradition expenses as part of the order for costs of prosecution. Although R.C. 2949.14 identifies a specific procedure whereby extradition costs may be collected from felony offenders as part of the costs of prosecution, there is no evidence in the record to indicate that these procedures were followed. Additionally, R.C. 2949.14 mandates that such costs be payable to the clerk of the court of common pleas, not the sheriff's office. Moreover, the trial court clearly deemed the extradition expenses as restitution, separate from its order of the costs of prosecution, and we decline to transform the order of restitution into an order for the costs of prosecution. For these reasons, we reject the state's argument that the trial court's error was harmless.

{¶ 14} Accordingly, we sustain Toler's assignment of error.

{¶ 15} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

SHAW and PRESTON, JJ., concur.