OPINION
{¶ 1} Defendant-Appellant, Daniel A. Stewart, appeals from the judgment of the Wyandot County Court of Common Pleas sentencing him to a one hundred eighty-day jail term, and ordering him to pay restitution to the Wyandot County Sheriffs Department in the amount of $80 for drug buy money and $40 for drug testing fees expended in connection with his arrest. On appeal, Stewart argues that the trial court committed reversible error by ordering restitution to the Wyandot County Sheriffs Department for the drug buy money and testing fees, as it was not a "victim" of his crime under R.C. 2929.18(A)(1). Finding that the trial court did not err in ordering restitution, we affirm the judgment of the trial court.
 {¶ 2} In December 2007, the Wyandot County Grand Jury indicted Stewart on one count of trafficking a Schedule I controlled substance in an amount less than two hundred grams, in violation of R.C. 2925.03(A)(1), a felony of the fifth degree. The indictment arose from Stewart's sale of marijuana. Thereafter, Stewart entered a plea of not guilty to the charge.
 {¶ 3} In February 2008, pursuant to a plea agreement, the State moved and was granted leave to amend the indictment to one count of trafficking in marijuana, a violation of R.C. 2923.02(A) and 2925.03(A), a misdemeanor of the first degree, and Stewart entered a plea of guilty to the charge. As part of the plea agreement, the sentence recommendation provided that, "[b]y agreement, *Page 3 
Defendant shall reimburse the Wyandot County Sheriff's Office for buy monies in the amount of $80 and drug testing fees in the amount of $40" (Feb. 2008 plea of guilty, p. 2), and the trial court read Stewart this sentence recommendation prior to accepting his guilty plea.
 {¶ 4} In April 2008, the trial court conducted a sentencing hearing. At the hearing, the State noted that "there are certain stipulations in the plea of guilty, certain things that the defendant has agreed to pay, including court appointed attorney's fees, court costs, reimburse the Wyandot County Sheriff's Office for buy monies in the amount of $80 and for drug testing fees in the amount of $40." (April 2008 Sentencing Hearing Tr., p. 5). Stewart made no objection to the sentence recommendation, nor did the trial court specifically inquire of Stewart whether he agreed to the restitution amounts. Thereafter, the trial court sentenced Stewart to a one hundred eighty-day jail term and ordered him to reimburse the Wyandot County Sheriff's Department $80 for drug buy money and $40 for drug testing fees.
 {¶ 5} It is from this judgment that Stewart appeals, presenting the following assignment of error for our review.
 THE TRIAL COURT ERRED AS A MATTER OF LAW, AND COMMITTED REVERSIBLE ERROR IN IMPOSING AS A SENTENCE UPON THE APPELLANT, THE REQUIREMENT THAT HE PAY THE SUM OF EIGHTY AND 00/100 ($80.00) IN REIMBURSEMENT TO THE WYANDOT COUNTY SHERIFF'S DEPARTMENT EXPENDED IN THE *Page 4 MARIJUANA BUY INVOLVING THE DEFENDANT AND REIMBURSEMENT OF THE SUM OF FORTY AND 00/100 ($40.00) FOR DRUG TESTING EXPENSES TO THAT AGENCY.
 {¶ 6} In his sole assignment of error, Stewart argues that the trial court erred by ordering him to pay restitution to the Wyandot County Sheriff's Department for drug buy money and drug testing expenses. Specifically, Stewart argues that R.C. 2929.18(A)(1) only permits an order of restitution to the victim of the offender's crime; that the Wyandot County Sheriff's Department is not a victim of his crime under the statute; and, that he did not waive this error by agreeing to restitution in the plea agreement because the agreement only reflected the State's sentence recommendation, not a joint sentence recommendation. We disagree.
 {¶ 7} A failure to object to the trial court's award of restitution waives all but plain error. State v. Marbury (1995),104 Ohio App.3d 179, 181, Crim. R. 52(B). In order to have plain error under Crim. R. 52(B), there must be an error, the error must be an "obvious" defect in the trial proceedings, and the error must have affected "substantial rights." State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68. Plain error is to be used "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. Plain error exists only in the event that it can be said that "but for the error, the outcome of the trial would clearly have been otherwise." State v. Biros, 78 Ohio St.3d 426, *Page 5 
431, 1997-Ohio-204; see State v. Johnson, 3d Dist. No. 2-98-39, 1999-Ohio-825. Furthermore, imposition of a sentence not authorized by statute constitutes plain error. See State v. Rhoda (1999),135 Ohio App.3d 21, 25; State v. Samuels, 4th Dist. No. 03CA8, 2003-Ohio-6106, ¶ 9.
 {¶ 8} R.C. 2929.18 governs a trial court's ability to award restitution. The statute provides, in pertinent part:
 Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss.
R.C. 2929.18(A)(1).
 {¶ 9} This Court has held that the plain language of R.C. 2929.18(A)(1) makes restitution available only to actual victims of an offense. See State v. Toler, 174 Ohio App.3d 335, 338, 2007-Ohio-6967;State v. Christy, 3d Dist. No. 16-04-04, 2004-Ohio-6963, ¶ 16, citingSamuels, 2003-Ohio-6106, at ¶ 5.
 {¶ 10} Furthermore, in Toler, supra, this Court held that "[w]ith the exceptions of certain circumstances * * *, government entities do not constitute `victims' entitled to restitution for their expenditure of public funds in the pursuit of fighting crime," citing State v.Pietrangelo, 11th Dist. No. 2003-L-125, 2005-Ohio-1686, ¶¶ 15-17. See, also, State v. Wolf, 176 Ohio App.3d 165, 176, 2008-Ohio-1483 (Finding that R.C. 2929.18(A)(1) does not permit the trial court to award restitution to a fire department in a defendant's sentence for an arson *Page 6 
conviction), and Christy, 2004-Ohio-6963 (Finding that restitution could not be ordered to the sheriff's department for expenses incurred in towing and storing a defendant's automobile in his arrest for vehicular homicide, as the sheriff's department did not constitute a "victim" under R.C. 2929.18(A)(1).)
 {¶ 11} The Fourth District Court of Appeals in Samuels,2003-Ohio-6106, dealt with whether R.C. 2929.18(A)(1) permits an award of restitution to a sheriff's department for money expended by the department in a drug buy to apprehend a suspect. In that case, the State conceded that R.C. 2929.18(A)(1) does not permit such an award, but proffered that the award should be allowed because the defendant agreed to "pay his share or whatever he's responsible for" pursuant to a plea agreement. Id. at ¶ 7. In overturning the trial court's restitution award to the sheriff's department, the appellate court found that R.C. 2929.18(A)(1) does not permit restitution to be awarded to the sheriff's department because it is not a "victim" under the statute, and that the defendant's statement that he would "pay his share or whatever he's responsible for" was ambiguous as to whether he specifically agreed to this particular manner of restitution. In its holding, the appellate court stated, in pertinent part:
 Therefore, we believe that 2929.18(A)(1) does not provide for restitution to be paid to a Sheriff's Office for the money it advances for an undercover drug purchase. * * * Thus, absent an explicit agreement by the parties concerning the type and the amount of restitution requested in the instant case, we are unwilling to conclude that the trial court require the appellant to *Page 7 make restitution to the police agency. This is a matter that could have been explicitly addressed in a negotiated plea agreement, however.
(Emphasis added.) Id. at ¶ 10.
 {¶ 12} In the case before us, the trial court did not order an award of restitution to the Wyandot County Sheriff's Department sua sponte. Instead, the trial court made the order pursuant to the sentence recommendation of the parties. This recommendation provided that, "[b]y agreement, Defendant shall reimburse the Wyandot County Sheriffs Office for buy monies in the amount of $80 and drug testing fees in the amount of $40." (Feb. 2008 Plea of Guilty, p. 2). While we found in Toler,Christy, and Wolf that R.C. 2929.18(A)(1) generally does not permit an award of restitution to a government enforcement agency in the pursuit of its official duties, the facts of this case are distinguishable.
 {¶ 13} Unlike in those cases, here, there was a specific agreement between the State and Stewart for restitution to the sheriffs department. The language of R.C. 2929.18(A)(1) does not specifically restrict the parties from agreeing to an award of restitution that is not provided for in the statute. Furthermore, restitution methods other than those explicitly stated in the statute are contemplated by the statutory language, which provides that the trial court is "not limited to" the specific financial sanctions listed. State v. Rosebrook, 3d Dist. No. 8-05-07, 2006-Ohio-734, ¶ 21. Additionally, Samuels, supra, supports the idea of allowing the *Page 8 
trial court to award restitution agreed to by the State and the defendant, even though that particular form of restitution may not be specifically addressed under R.C. 2929.18(A)(1). Finally, justice and sensibility should prevent Stewart from prevailing on an error which he invited. By agreeing to the restitution award in exchange for pleading guilty, he received the benefit of his bargain: a reduced charge.
 {¶ 14} While Stewart argues that the plea agreement sentencing recommendation was not a joint one, but only the State's recommendation, such an interpretation is not supported by the plain language of the recommendation, which provided that "[b]y agreement, Defendant shall reimburse the Wyandot County Sheriffs Office * * *." (Emphasis added.) (Feb. 2008 Plea of Guilty, p. 2) Furthermore, even though the State and Stewart reserved the right to speak at sentencing despite the agreement, Stewart did not argue for a sentence different from that found in the sentence recommendation, nor did he object to this restitution agreement.
 {¶ 15} Because we find that R.C. 2929.18(A)(1) does not prohibit an award of restitution to a government agency when such award is made pursuant to the express plea agreement of the State and the defendant, we find that the trial court did not err in ordering Stewart to pay restitution to the Wyandot County Sheriffs Department. *Page 9 
 {¶ 16} Accordingly, Stewart's assignment of error is overruled.
 {¶ 17} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and WILLAMOWSKI, J., concur. *Page 1