[Cite as *State v. Jones*, 2013-Ohio-1925.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee           :       C.A. CASE NO. 25315 and
                                              25316

v.                               :       T.C. NO.   11CR1114
                                                  11CR1116

GARLAND A. JONES II              :

    Defendant-Appellant          :       (Criminal appeal from
                                            Common Pleas Court)

                               :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   10th   day of    May   , 2013.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

CANDI S. RAMBO, Atty. Reg. No. 0076627, 15 W. Fourth Street, Suite 100, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**   Defendant-appellant Garland A. Jones II appeals from his conviction and

sentence for two counts of non-support of dependents, in violation of R.C. 2919.21(B), all felonies of the fifth degree, in Case No. 2011 CR 1114. Jones also appeals from his conviction and sentence for two counts of non-support of dependents, in violation of R.C. 2919.21(B), all felonies of the fifth degree, in Case No. 2011 CR 1116. Jones filed a timely notice of appeal with this Court on August 13, 2012.

{¶ 2} On July 11, 2011, Jones was indicted by Montgomery County Grand Jury for three counts of non-support of dependents in Case No. 2011 CR 1114. On the same day, Jones was indicted in Case No. 2011 CR 1116 for four counts of non-support of dependents. Jones was placed in the diversion program for the offenses in both cases on August 26, 2011. On February 16, 2012, Jones was unsuccessfully discharged from the diversion program for failure to appear for appointments and failure to pay towards the restitution amount.

{¶ 3} On March 14, 2012, the trial court issued a capias in each case because Jones failed to attend a scheduled court appearance. Jones was arrested in California and subsequently extradited to Ohio. On June 27, 2012, Jones pled guilty to two counts of non-support of dependents in Case No. 2011 CR 1114, and the State dismissed the remaining count in the indictment. On the same day, Jones pled guilty to two counts of non-support of dependents in Case No. 2011 CR 1116, and the State agreed to dismiss the remaining two counts in the indictment. Nevertheless, Jones agreed to pay restitution on all seven counts in both indictments. Disposition was originally set for July 17, 2012, but we have no transcripts of any such proceeding and no judgment entries were prepared reflecting a final disposition.

{¶ 4} On July 31, 2012, Jones appeared for re-sentencing because at a prior scheduled disposition, another judge utilized an incorrect extradition figure. The trial court noted that it intended to impose the correct restitution figure in each of Jones' cases. Jones' counsel objected, but the trial court overruled the objection and proceeded with the final disposition.

{¶ 5} Ultimately, the trial court placed Jones on community control for a period not to exceed five years. The trial court ordered Jones to pay court costs, a supervision fee of $50.00, and $130.00 to the Assigned Counsel Budget Office. Further, the trial court ordered Jones to pay restitution in Case No. 2011 CR 1114 in the amount of $23,987.01, and $14,527.21 in Case No. 2011 CR 1116. Pursuant to the termination entries in both cases, the trial court ordered Jones to pay the costs of his extradition, which totaled $1,836.95.

{¶ 6} It is from this judgment that Jones now appeals.

{¶ 7} Jones' first assignment of error is as follows:

{¶ 8} "THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY THE COSTS OF HIS EXTRADITION."

{¶ 9} In his first assignment, Jones contends that the trial court erred when it ordered him to pay the costs of his extradition. Specifically, Jones argues that the trial court's order that he pay his extradition costs is tantamount to ordering him to pay restitution to a person who is not the victim of his crime.

{¶ 10} Initially, we note that Jones relies heavily on a case from the Third District Court of Appeals, *State v. Toler*, 174 Ohio App.3d 335, 2007-Ohio-6967, 882 N.E.2d 28 (3d Dist.), in support of his argument that the trial court erred in assessing him the cost of extradition. In *Toler*, the defendant argued that the trial court erred when it specifically

"ordered him to pay restitution in the amount of $694.10 to the Hardin County Sheriff's Office *for the expenses associated with his extradition.*" *id*. at ¶ 7.   On appeal, the Third District held that the trial court erred in imposing the cost of extradition because it incorrectly considered the extradition expenses as restitution. *Id*. at ¶ 13.   The *Toler* court went on to find:

> We have found that based upon the plain language of R.C. 2929.18(A)(1), the General Assembly intended that restitution be available only to the actual victims of the offense.   Accordingly, "the right to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted." With the exceptions of certain circumstances inapplicable to this case, government entities do not constitute "victims" entitled to restitution for their expenditure of public funds in the pursuit of fighting crime. (citations omitted.) *Id*. at ¶ 11.

{¶ 11}   In the instant case, the record clearly establishes that the trial court did not consider the costs of Jones' extradition as an element of the restitution order.   During the re-sentencing hearing, the trial court stated as follows:

> Sir (addressing Jones), based upon and principles of sentencing and the seriousness and recidivism factors, I'm going to sentence you to community control sanctions for a period not to exceed five years, with the sanctions previously imposed by Judge Gorman, including the restitution previously imposed which included that you serve a term of intensive probation supervision for a period not to exceed five years; that you pay court costs in

an amount determined by the Clerk of Courts, a supervision fee of $50.00, the sum of $130.00 to the Assigned Counsel Budget; *that you pay restitution in the amount of $23,987.00 in one case – excuse me – and one cent on the one case and $14,527.21 on the other case;* that you attend the Goodwill Program and that you obtain full-time verifiable employment; that you attend the Non-Support Court Program; that you complete 100 hours of community service; that you provide verification that you have completed ten job applications per week; that you abstain from the use of any illegal drugs, drugs of abuse or alcohol; that you be placed on a no-break status; *that the extradition costs be assessed to you in the amount of $1,836.95.*

{¶ 12} Additionally, we note that the judgment entry of conviction in Case No. 2011 CR 1114 lists sanction number four as "a requirement that the offender pays restitution in the amount of $23,987.01 to the Ohio Child Support Payment Central, in a monthly amount to be determined by that agency." The judgment entry of conviction in Case No. 2011 CR 1116 also lists sanction number four as "[a] requirement that the offender pays restitution in the amount of $14,5277.31 to the Ohio Child Support Payment Central, in a monthly amount to be determined by that agency." Significantly, however, the judgment entries in Case Nos. 2011 CR 1114 and 2011 CR 1116 both separately list sanction number five as "[a] requirement that the offender pays extradition cost in the amount of $1,836.95."

{¶ 13} Upon review, we conclude that it is clear from the record that the trial court did not order Jones to pay the cost of his extradition as part of the separate order of restitution he was directed to pay. Thus, Jones' reliance on the court's holding in *Toler* is

misplaced, and the trial court properly ordered him to pay for his extradition from California to Ohio as a portion of the costs of his prosecution. R.C. 2947.23(A)(1), which governs the trial court's authority to impose costs on a defendant convicted of a felony, provides, "[i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution *** and render a judgment against the defendant for such costs." The phrase "costs of prosecution" has not been statutorily defined. *City of Middleburg Heights v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005, at ¶ 8. The term "cost," however, has been defined as "the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action or prosecution, and which the statutes authorize to be taxed and included in the judgment or sentence." *Id.*, citing *State ex rel. Franklin Cty. Commrs.v. Guilbert*, 77 Ohio St. 333, 338, 83 N.E. 80 (1907). "The expenses which may be taxed as costs in a criminal case are those directly related to the court proceedings and are identified by a specific statutory authorization." *Middleburg,* at ¶ 8, citing *State v. Christy*, 3d Dist. Wyandot No. 16-04-04, 2004-Ohio-6963.

{¶ 14} R.C. 2949.14, which authorizes the trial court to impose the cost of extradition on a felony defendant, provides:

> Upon conviction of a non-indigent person for a felony, the clerk of the court of common pleas shall make and certify under the clerk's hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid by the board of county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United

States, or on the return of the fugitive by a designated agent pursuant to a waiver of extradition except in cases of parole violation. The clerk shall attempt to collect the cost from the person convicted.

{¶ 15} Therefore, under R.C. 2947.23(A)(1) and R.C. 2949.14, the trial court may impose the cost of extradition upon a non-indigent felony defendant if certain criteria are met. Both judgment entries in Case Nos. 2011 CR 1114 and 2011 CR 1116 contain a provision that states as follows, "[i]f applicable in this case, the defendant is hereby ORDERED to pay extradition costs in the amount of $1,836.95, to the Montgomery County Prosecuting Attorney's Office and Judgment is hereby GRANTED against the defendant, Garland A. Jones II, for said extradition costs to be paid to the Montgomery County Prosecuting Attorney's Office *through the Montgomery County Clerk of Courts*." By ordering Jones to pay the extradition costs to the prosecutor's office *through* the Montgomery County Clerk of Courts, the trial court complied with the statutory procedure set forth in R.C. 2949.14. Moreover, unlike the trial court in *Toler*, the trial court in the instant case properly considered extradition costs as a cost of prosecution pursuant to R.C. 2947.23(A)(1), both separate and apart from any restitution that was ordered.

{¶ 16} Lastly, we note that the trial court erred by ordering Jones to pay the cost of extradition in both Case Nos. 2011 CR 1114 and 2011 CR 1116, when it should have assessed those costs in one of the cases to avoid a double payment. In this case, the State concedes this was error. Accordingly, we vacate the cost of extradition ordered in Case No. 2011 CR 1116.

{¶ 17} Jones' first assignment of error is overruled in part and sustained in part.

{¶ 18} Jones' second assignment of error is as follows:

{¶ 19} "THE TRIAL COURT MAY HAVE ERRED IN RESENTENCING APPELLANT OVER HIS OBJECTION."

{¶ 20} In his second assignment, Jones argues that the trial court erred when it re-sentenced him over his objection. Specifically, Jones asserts that the trial court should have held a hearing to determine whether he had willfully failed to comply with the diversion program and whether he had the ability to pay child support in the amounts required by the diversion program.

{¶ 21} It is undisputed that after being placed in the diversion program, Jones moved to California and did not return to Ohio. Once he reached California, Jones stopped making his payments pursuant to the restitution order in place, thus precipitating his extradition to Ohio. By absconding to California and discontinuing his child support payments, Jones willfully failed to comply with the terms of the diversion program. Additionally, while he did object to the re-sentencing conducted by the trial court, there is no evidence in the record that Jones ever requested that the court hold a hearing to determine whether he had the ability to pay his child support in the amounts required by the diversion program. Thus, the trial court did not err when it overruled Jones' objection and proceeded to re-sentence him on July 31, 2012.

{¶ 22} Jones' second assignment of error is overruled.

{¶ 23} Jones' third assignment of error is as follows:

{¶ 24} "THE TRIAL COURT ERRED IN ORDERING RESTITUTION FIGURES THAT APPEAR TO HAVE BEEN ACCRUED OUTSIDE THE APPLICABLE INDICTED

TIME PERIODS."

{¶ 25} In his third assignment, Jones argues that the trial court erred when it calculated the restitution amounts he was required to pay. Specifically, Jones asserts that the restitution amounts contained in either judgment entry in Case Nos. 2011 CR 1114 and 2011 CR 1116 are incorrect and represent the support arrearages for the entire existence of the support order rather than only the applicable periods contained in the indictments.

{¶ 26} Initially, we note that Jones agreed to pay restitution on all seven counts contained in the indictments in Case Nos. 2011 CR 1114 and 2011 CR 1116, even those counts that were dismissed at the plea hearing prior to sentencing. Therefore, the trial court's restitution order should have contained the child support arrearages for the indicted periods on all seven counts in both indictments.

{¶ 27} Upon review of Jones' pre-sentence investigation report (PSI), the trial court only ordered payment of the restitution for the support arrearages as they appeared during the applicable periods of the indictment. In Case No. 2011 CR 1114, the PSI specifically stated that "[t]he total amount of restitution owed for the above indicted time periods is $23,987.01." The PSI in Case No. 2011 CR 1116 also stated that "[t]he total amount of restitution owed for the above indicted time periods is $14,527.21." As previously mentioned, these amounts are the same support figures the trial court ordered Jones to pay in restitution. We note that the PSI indicates that according to the Ohio Child Support Enforcement Agency, the full amount Jones owes in arrearages in each case is $26,554.01 and $19,940.47 respectively, in Case Nos. 2011 CR 1114 and 2011 CR 1116. The fact that the restitution amounts ordered to be paid by the trial court are lower than the total arrearage

amounts further establishes that the trial court did not order Jones to pay any amounts that accrued outside the indicted periods. We also note that Jones did not object to the restitution order at his re-sentencing hearing on July 31, 2012. Thus, we conclude that the trial court ordered Jones to pay only the restitution amounts in Case Nos. 2011 CR 1114 and 2011 CR 1116 that accrued during the indicted time periods.

{¶ 28} Jones' third assignment of error is overruled.

{¶ 29} Jones' fourth assignment of error is as follows:

{¶ 30} THE TRIAL COURT ERRED IN ORDERING RESTITUTION WITHOUT CONSIDERATION FOR APPELLANT'S ABILITY TO PAY SAME.

{¶ 31} In his fourth assignment, Jones contends that the trial court failed to consider his future ability to pay when it ordered approximately $40,000.00 in restitution.

{¶ 32} A trial court abuses its discretion when it orders restitution that does not bear a reasonable relationship to the actual financial loss suffered. *State v. Williams*, 34 Ohio App.3d 33, 516 N.E.2d 1270 (2d Dist.1986). Therefore, we review a trial court's order of restitution under an abuse of discretion standard. See, *e.g.*, *State v. Naylor,* 2d Dist. Montgomery No. 24098, 2011-Ohio-960, ¶22. "The abuse of discretion standard is defined as '[a]n appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, illegal, or unsupported by the evidence.'" *State v. Boles,* 2d Dist. Montgomery No. 23037, 2010-Ohio-278, ¶18, quoting Black's Law Dictionary, Eighth Edition (2004), at 11.

> "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Citation omitted.) It is to be expected that most

instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp*., 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 33} R.C. 2929.18(A)(1) allows a trial court to order, as a financial sanction, an amount of restitution to be paid by an offender to his victim "based on the victim's economic loss. * * * If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a pre-sentence investigation report, estimates or receipts indicating the cost or repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. * * * "

{¶ 34} We begin by addressing Jones' claim that the trial court failed to consider his ability to repay his victim before ordering restitution. The record does not support his claim.

{¶ 35}  R.C. 2929.19(B)(6) imposes a duty upon the trial court to "consider the offender's present or future ability to pay" before imposing any financial sanctions under R.C. 2929.18.   See, *e.g.*, *State v. Martin,* 140 Ohio App.3d 326, 338, 2000-Ohio-1942,  747 N.E.2d 318 (4th Dist.), citing *State v. Stevens*, 12th Dist. Clinton No. CA98-01-001, 1998 WL 640889 (Sept. 21, 1998).   However, the statute establishes no particular factors for the court to take into consideration, nor is a hearing necessary before making this determination. *Id*.   A trial court may comply with R.C. 2929.19(B)(6) by considering a pre-sentence investigation report, which includes information about the defendant's age, health, education, and work history. *Id*.

{¶ 36}  In this case, both the transcript of the plea hearing and sentencing, as well as the judgment entry of conviction indicate that the trial court considered the pre-sentence investigation report prior to ordering Jones to pay restitution.   Furthermore, a review of Jones' PSI establishes that at the time of the hearing he was forty-four years of age and suffered from no health issues which would render him incapable of having adequate financial resources to pay the restitution ordered by the trial court.   Jones is a high school graduate with some community college experience.   Jones spent four years in the Air Force.  The PSI also indicates that Jones has a significant work history.    Under these circumstances, we conclude that the trial court did not fail to consider Jones' present or future ability to pay restitution.

{¶ 37}  Jones' fourth assignment is overruled.

{¶ 38}  Jones' fifth and final assignment is as follows:

{¶ 39}  "APPELLANT'S COUNSEL WAS INEFFECTIVE FOR FAILING TO

RAISE THE DISPOSITIVE DEFENSE THAT ONE OF THE INDICTMENTS HAD BEEN FILED FOR CRIMES THAT TOOK PLACE BEYOND THE STATUTE OF LIMITATIONS."

{¶ 40} In his final assignment, Jones argues that his counsel was ineffective for failing to argue that Count I in Case No. 2011 CR 1114 was filed beyond the statute of limitations and should have been dismissed. Specifically, Jones notes that Count I of the indictment charges a period of non-support beginning April 1, 2005, and ending March 31, 2007. According to Jones, because a portion of the time period stated in Count I occurred outside the six-year statute of limitations, his counsel should have filed a motion to dismiss and was ineffective for failing to do so. Jones' argument has no merit.

{¶ 41} "We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, * * * . Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal

citation omitted). *State v. Mitchell*, 2d Dist. Montgomery No. 21957, 2008-Ohio-493, ¶ 31.

**{¶ 42}** An appellant is not deprived of effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. *State v. Brown*, 38 Ohio St.3d 305, 319, 528 N.E.2d 523 (1988). The test for a claim of ineffective assistance of counsel is not whether counsel pursued every possible defense; the test is whether the defense chosen was objectively reasonable. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court may not second-guess decisions of counsel which can be considered matters of trial strategy. *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985). Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available. *State v. Cook*, 65 Ohio St.3d 516, 524, 605 N.E.2d 70 (1992).

**{¶ 43}** Pursuant to R.C. 2901.13(A)(1)(a), the statute of limitations for felony non-support of dependents is six years. R.C. 2901.13(D) states that "[a]n offense is committed when every element of the offense occurs. In the case of an offense of which an element is a continuing course of conduct, the period of limitation does not begin to run until such course of conduct or the accused's accountability for it terminates, whichever occurs first."

**{¶ 44}** Felony non-support of dependents constitutes a continuing course of conduct. See *State v. Rogers*, 11th Dist. Lake No. 93-L-180, 1994 WL 738447 (Dec. 23, 1994); *State v. Harrison*, 9th Dist. Summit No. 9930, 1981 WL 3942 (Apr. 15, 1981), (holding that under R.C. 2919.21[non-supporrt of dependents], the statute of limitations does not begin to run until such course of conduct or the accused's accountability for it

terminates, whichever comes first).

**{¶ 45}** In the instant case, Count I in the 2011 CR 1114 indictment alleges that Jones failed to provide support for G.A.J. from April 1, 2005, through March 31, 2007. Jones' continuing course of conduct in Count I, therefore, ended on March 31, 2007. Thus, on March 31, 2007, the six-year statute of limitations began to run. Six years from March 2007, is March 31, 2013. Accordingly, the indictment containing Count I in Case No. 2011 CR 1114 that was filed on July 11, 2011, is clearly within the statute of limitations for that offense. Because there was no issue regarding the statute of limitations for Count I, Jones' counsel was not ineffective for failing to file a motion to dismiss.

**{¶ 46}** Jones' fifth and final assignment of error is overruled.

**{¶ 47}** The trial court erred when it ordered Jones to pay the cost of extradition in both Case Nos. 2011 CR 1114 and 2011 CR 1116, when it should have been ordered in one of the cases. Accordingly, we vacate the cost of extradition ordered in Case No. 2011 CR 1116. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Michele D. Phipps
Candi S. Rambo
Hon. Mary Katherine Huffman