[Cite as *State v. LeGrant*, 2014-Ohio-5803.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### MIAMI   COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

MICHAEL D. LEGRANT

      Defendant-Appellant

Appellate Case No. 2013-CA-44

Trial Court Case No. 13-CR-264

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 31st day of December, 2014.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. #0090868, Miami County Prosecutor's Office, 201 West Main
Street, Safety Building, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

BRENT E. RAMBO, Atty. Reg. #0076969, Flanagan, Lieberman, Hoffman & Swaim, 15 West Fourth
Street, Suite 250, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

**{¶ 1}** Defendant-appellant, Michael D. LeGrant, appeals from his conviction and sentence for Aggravated Arson, in violation of R.C. 2909.02(A)(1), and for Aggravated Arson, in violation of R.C. 2909.02(A)(2). LeGrant contends that the court abused its discretion by ordering restitution without considering whether the victims were compensated for the damage through insurance. LeGrant also contends that the court erred by ordering restitution without a finding as to whether LeGrant had the ability to pay. LeGrant finally contends that the court erred by failing to merge the two arson offenses, and that his attorney provided ineffective assistance of counsel..

**{¶ 2}** We conclude that the trial court did err on the issue of restitution. We also find that the court erred in failing to incorporate in its sentencing entry the statutory factors required for the imposition of consecutive sentences. Accordingly, that part of the judgment of the trial court awarding restitution is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for a hearing on the restitution issue, and for a nunc pro tunc entry incorporating in its judgment entry the consecutive-sentence findings the trial court made at the sentencing hearing.

## I. The Course of the Proceedings

**{¶ 3}** LeGrant started a fire in an apartment building that caused substantial property damage, and was the direct and proximate cause of personal injuries to several residents of the building. LeGrant pled guilty to two counts of Aggravated Arson. At the sentencing hearing, the trial court specifically referred to, and made a part of the record, a pre-sentence investigation

report, five victim impact statements, a letter from the property insurance company, and an estimate of "out of pocket" expenses from the property owner. Based on these records, the trial court ordered LeGrant to pay restitution in the amount of $80,278.00 to Trent Grove, the owner of the property, and in the amount of $2,880.65 to Candise Miller, one of the victims. At the sentencing hearing, LeGrant did not object to, or dispute the amount of, the restitution order. The court did not conduct a separate hearing on restitution. There is no testimony or other evidentiary support in the record from the property owner or its insurer to verify the extent of the damage to the building, the amount of damages that were covered by insurance, or the amount of uninsured losses caused directly by LeGrant's conduct.

From his conviction and sentence, LeGrant appeals.

## II. The Trial Court Erred in Ordering Restitution in an Amount
## Not Supported by Competent and Credible Evidence

{¶ 4}    LeGrant's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN ITS ORDER OF RESTITUTION.

{¶ 5}    LeGrant alleges that the amounts ordered for restitution are improper. The victim impact statements, provided to the trial court as part of the PSI, did contain an itemization of property losses incurred by the victim, Candise Miller. In the letter, Miller admitted that the expense of rent and her rental deposit, in the sum of $761, was returned to her by her landlord. Miller explained how she paid for the other expenses, but there was no evidence from which to determine whether any of Miller's other expenses were reimbursed by insurance or by any other source. The document, which allegedly itemizes "out of pocket" expenses of the property owner, Trent Grove, was not dated, signed, or verified by any person, and makes no reference to sums

covered by insurance or the amount of an insurance deductible, if any. The policy was not contained in the record, and the letter from the insurance company contained no itemization of losses and payments, no information about the deductible, or the amount of uninsured losses, if any.

{¶ 6} We review a trial court's order of restitution under an abuse of discretion standard. *State v. Naylor*, 2d Dist. Montgomery No. 24098, 2011-Ohio-960, ¶ 22. "Generally, abuse of discretion occurs when a decision is grossly unsound, unreasonable, illegal, or unsupported by the evidence." *State v. Nichols,* 195 Ohio App.3d 323, 2011-Ohio-671, 959 N.E.2d 1082, ¶ 16 (2d Dist.); *State v. Beechler,* 2d Dist. Clark No. 09CA54, 2010-Ohio-1900, ¶ 60–70. A decision is unreasonable if there is no sound reasoning process that would support that decision. *State v. Jones*, 2d Dist. Montgomery Nos. 25315 & 25316, 2013-Ohio-1925, ¶ 32.

{¶ 7} R.C. 2929.18(A)(1) allows a trial court to order restitution to crime victims, as a component of sentencing. The statute provides that the amount of restitution shall be "based on the victim's economic loss." *Id*. The amount of the actual loss must be established with reasonable certainty. *State v. Williams*, 34 Ohio App. 3d 33, 516 N.E.2d 1270 (2d Dist.1986). The statute further provides that "the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a pre-sentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." R.C. 2929.18(A)(1).

{¶ 8} We have held that "[a] defendant who does not dispute an amount of restitution,

request a hearing, or otherwise object waives all but plain error in regards to the order of restitution." *State v. Ratliff*, 194 Ohio App.3d 202, 2011-Ohio-2313, 955 N.E.2d 425, ¶ 9 (2d Dist.). Since LeGrant did not object to the restitution order and did not request a restitution hearing, until he raised it in this appeal, we must review the trial court's restitution order under a plain-error standard of review. We have found plain error when three elements are met: 1) there must be an error or deviation from a legal rule, 2) that error must be plain, defined as "an obvious defect in the trial proceedings," and 3) the error must have affected a "substantial right," meaning the error must have affected the ultimate outcome, and a correction is needed to "prevent a manifest miscarriage of justice." *State v. DeLong*, 2d Dist. Montgomery No. 20656, 2005-Ohio-1905, ¶ 17, citing *State v. Barnes,* 94 Ohio St.3d 21, 759 N.E.2d 1240 (2002).

{¶ 9} The legal rule at issue states, "[t]here must be competent, credible evidence in the record to support the trial court's order of restitution 'to a reasonable degree of certainty.' The amount of restitution requested should, if necessary, be substantiated through documentary or testimonial evidence." (Citations omitted.) *State v. Hess*, 2d Dist. Montgomery No. 24453, 2012-Ohio-961, ¶ 35. The documents in the PSI report, relied on by the trial court do not contain sufficient information from which the court could determine, within any degree of certainty, the amount of the victims' actual loss.

{¶ 10} We also find that the lack of credible, competent evidence of the victims' actual losses is an obvious defect in the record, and affected the ultimate outcome. When an award of restitution is not supported by such evidence, it is an abuse of discretion by the court that alters the outcome of the proceeding, thus constituting plain error. *State v. Alcala,* 6th Dist. Sandusky No. S-11-026, 2012-Ohio-4318, ¶ 30. The letter from the insurance company and an unverified document allegedly from the property owner are the only two documents in the PSI report that

support a judgment of $80,278.00. Without additional documentation to verify the extent of the damage, the amount covered by insurance,[1] and the amount of uninsured losses, the trial court did not have sufficient evidence to support the amount of restitution to the property owner. It was also an error for the order of restitution to the victim, Candise Miller, to include a rent deposit that was reimbursed and therefore not an actual loss suffered by the victim.

{¶ 11} LeGrant also alleges that the trial court failed to properly consider his ability to pay the order of restitution. R.C. 2929.19(B)(6) creates a duty upon the trial court to "consider the offender's present or future ability to pay" before imposing any financial sanctions under R.C. 2929.18. *State v. Ratliff*, 194 Ohio App. 3d 202, 2011-Ohio- 2313, 955 N.E.2d 425, ¶ 12 (2d Dist). However, the statute establishes no particular factors for the court to take into consideration, nor is a hearing necessary before making this determination. *Id.* A trial court may comply with R.C. 2929.19(B)(6) by considering a pre-sentence investigation report that includes information about the defendant's age, health, education, and work history. *Id.*

{¶ 12} The record does reflect that the court considered evidence from the PSI report, and the statements made at the sentencing hearing, which included facts about LeGrant's age, health, education, work history and ability to work. Under these circumstances, we conclude that the trial court did not fail to consider LeGrant's present or future ability to pay restitution. However, we agree with LeGrant that the amount of the restitution ordered was not supported by sufficient evidence of the victims' actual losses. Accordingly, LeGrant's First Assignment of Error is sustained.

### III.   The Two Counts of Aggravated Arson Are Not Subject to Merger.

---

[1] German Mutual Insurance paid $345,592 in claims for damages for the losses occasioned by the fire.

{¶ 13}   LeGrant's Second Assignment of Error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING.

{¶ 14}   LeGrant contends that the court should have merged the two Aggravated Arson convictions for purposes of sentencing, and also failed to make the requisite findings before ordering consecutive sentences.   Merger is a sentencing issue, so the defendant bears the burden of establishing the necessary factors before he is entitled to the protection of the allied offenses statute, R.C. 2941.25. *State v. Washington,* 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 18.   The appellate review of an allied-offenses ruling is de novo. *State v. Webb*, 8th Dist. Cuyahoga No. 98628, 2013–Ohio–699, ¶ 4, citing *State v. Williams*, 134 Ohio St.3d 482, 2012–Ohio–5699, 983 N.E.2d 1245, ¶ 28.

{¶ 15}   The Supreme Court of Ohio in *State v. Johnson,* 128 Ohio St. 3d 153, 2010-Ohio-6314, 942 N.E. 2d 1061, created a three-prong test to guide a court in deciding whether to merge two allied offenses for sentencing purposes.   First, in determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct. *Johnson* at ¶ 48. If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.   *Johnson* at ¶ 48. Secondly, if the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." (Citations omitted). *Johnson* at ¶ 49. Thirdly, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has a separate animus for each offense, then, under R.C. 2941.25(B), the offenses will not merge.

*Johnson* at ¶ 51.

**{¶ 16}** LeGrant argues that his offenses should have been merged because he only set one fire, and therefore it was possible that his single act of setting one fire could result, and did result, in convictions for two counts of Aggravated Arson. Thus, the first prong of the *Johnson* test was met because both offenses could be committed by a single act. The second prong of the test is met by facts that support a finding that LeGrant did in fact commit both arson offenses with a single act. However, the third prong requires a finding that LeGrant committed both offenses with the same animus.

**{¶ 17}** At the sentencing hearing, the trial court did specifically find that LeGrant committed the two offenses with separate animuses. LeGrant's conviction for violating R.C. 2909.02(A)(1) established his intent to cause physical harm to other persons, and his conviction for violating R.C. 2909.02(A)(2) established his intent to cause physical harm to an occupied structure. The trial court also acknowledged that the defendant's conduct caused harm to multiple victims.

**{¶ 18}** In a similar case involving sentencing of a defendant for convictions of both R.C. 2909.02(A)(1) and R.C. 2909.02(A)(2) when the defendant only set one fire, the Eighth District Court of Appeals held that the two offenses should not merge when the single act of setting a fire causes harm to multiple victims and multiple properties. *State v. Jones*, 8th Dist. Cuyahoga No. 99703, 2014-Ohio-1634, ¶ 20, following *State v. Franklin,* 97 Ohio St. 3d 1, 2002-Ohio-5304, 776 N.E.2d 26. In *State v. Crawley*, the same court applied the three-prong *Johnson* test to a case involving an arson conviction with multiple victims and held that separate victims alone established a separate animus for each offense. *State v. Crawley*, 8th Dist. Cuyahoga No. 99636, 2014-Ohio-921, ¶ 41-43, appeal not allowed, 139 Ohio St.3d 1484, 2014-Ohio-3195, 12 N.E.3d

1229.

**{¶ 19}**    In the case before us, LeGrant does not dispute that his single act of setting a single fire caused damage to at least five families, who lost their home and personal property in the fire, in addition to the loss suffered by the owner of the apartment building.   LeGrant has not met his burden of proving that the offenses he committed in violation of R.C. 2909.02(A)(1) and R.C. 2909.02(A)(2) should be considered allied offenses for purposes of sentencing.

**{¶ 20}**    We also reject LeGrant's contention that the court erred in failing to identify on the record the findings required by statute before imposing consecutive sentences. Pursuant to R.C 2929.14(C) (4), the court must make the following findings: 1) that consecutive service is necessary to protect the public from future crime or to punish the offender, 2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and 3) the offender committed one or more of the multiple offenses while the offender was under specified types of court orders, or that at least two offenses caused great or unusual harm such that no single prison term would adequately reflect the seriousness of the offense, or that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. The trial court made these exact findings at the sentencing hearing, based on competent, credible evidence in the record. The victim impact statements provide ample evidence that the offenses caused great and unusual harm to multiple victims such that consecutive sentences were appropriate.

**{¶ 21}**    The trial court did not err in imposing consecutive sentences and refusing to merge the two arson offenses, but the court is obligated to included these factors in the sentencing order.  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23.  As we

recently held in *State v. Mayberry,* 2d Dist. Montgomery No. 26025, 2014-Ohio-4706, ¶ 34 it will be necessary for the trial court to correct its sentencing entry to include the three statutory findings in the entry. Therefore, upon remand, the trial court may issue a *nunc pro tunc* order and entry with imposition of sentence that incorporates the statutory findings it made in ordering consecutive sentences.

{¶ 22} LeGrant's Second Assignment of Error is overruled.

**IV. LeGrant Has Not Shown that but for his Counsel's Ineffective Assistance, There Is a Reasonable Probability that the Results Would Have Been Different**.

{¶ 23} LeGrant's Third Assignment of error is as follows:

APPELLANT'S COUNSEL WAS INEFFECTIVE.

{¶ 24} LeGrant contends that his trial attorney was ineffective because his attorney did not fully explain to him, based on the merger of allied offenses statute, that additional charges might not result in consecutive sentences. It is not disputed that LeGrant entered into a plea agreement to plead guilty to two charges of Aggravated Arson at least in part to avoid the possibility of being charged with additional counts of arson, based on harm to multiple victims.

{¶ 25} To establish a claim for ineffective assistance of counsel, the defendant has the burden of demonstrating that: 1) the performance of defense counsel was seriously flawed and deficient, and 2) there is a reasonable probability that the result of the defendant's trial or legal proceeding would have been different had defense counsel provided proper representation. *State v. Jones*, 8th Dist Cuyahoga No. 99703, 2014-Ohio-1634, ¶ 8, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Strickland,* at 694.

{¶ 26} In the case before us, LeGrant has not met his burden of demonstrating that his attorney's assistance was seriously flawed or that the outcome would likely have been different, if

his attorney had given him different advice about the potential sentences for allied offenses. As we discussed above, the trial court had a sufficient legal basis to impose consecutive sentences in this case, as current law permits the court to impose consecutive sentences when the court finds that a defendant acts with separate animuses for multiple offenses of arson. In other words, LeGrant's attorney cannot be faulted for having failed to advise him that any additional counts of arson he might be charged with would not result in consecutive sentences. That advice would have been questionable, if not wrong.

{¶ 27}   LeGrant's Third Assignment of Error is overruled.

## V. Conclusion

{¶ 28}   LeGrant's First Assignment of Error having been sustained, and his other assignments having been overruled, that part of the judgment of the trial court awarding restitution is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, P.J., and HALL, J., concur.

Copies mailed to:

Paul M. Watkins
Brent E. Rambo
Hon. Christopher Gee