[Cite as *State v. Ball*, 2023-Ohio-4352.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-03-016 |
| | : | O P I N I O N |
| - vs - | | 12/4/2023 |
| | : | |
| NICOLE L. BALL, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2021 DR 000283

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

**M. POWELL, J.**

{¶ 1}   Appellant, Nicole Ball, appeals a judgment entry of the Clermont County Court of Common Pleas ordering her to pay the costs involved in her extradition from Texas to Ohio.  For the reasons stated herein, we affirm the trial court's judgment.

## I. <u>STATEMENT OF FACTS/PROCEDURAL POSTURE.</u>

{¶ 2} In 2021, Ball was indicted by the Clermont County Grand Jury on one count of passing bad checks and one count of grand theft of a motor vehicle. At the time of the indictment, Ball was serving a federal sentence in Texas. Upon Ball's release from federal custody, she waived extradition and was returned to Ohio to face the charges pending against her in Clermont County.

{¶ 3} Ball was arraigned on the Clermont County charges on October 27, 2022. The trial court found that she was indigent and appointed counsel to represent her. Ball entered not guilty pleas. The trial court set bond at $10,000 and remanded Ball to the Clermont County jail. A pretrial hearing was scheduled for November 10, 2022.

{¶ 4} On October 28, 2022, the Clermont County Sheriff's Office filed an interstate rendition cost bill with the clerk of courts indicating it had incurred costs of $4,164 in returning Ball to Ohio from Texas. On the same day, Ball posted bail and was released from the Clermont County jail. At the time of Ball's release from the Clermont County jail, she was subject to holders from two counties, including Butler County. On November 10, 2022, Ball was taken into custody by Butler County; she was subsequently committed to the Ohio Reformatory for Women.

{¶ 5} Ball failed to appear for the November 10, 2022 pretrial hearing because she was in the custody of Butler County; the trial court issued a bench warrant for her arrest. The Ohio Reformatory for Women subsequently notified the Clermont County Prosecutor and the trial court that Ball had requested final disposition of her Clermont County indictment. *See* R.C. 2941.401. On January 20, 2023, the trial court again found that Ball was indigent and appointed counsel to represent her. On February 6, 2023, Ball entered a guilty plea to passing bad checks, a fourth-degree felony. The trial court accepted Ball's plea and found her guilty of the offense.

{¶ 6} At a sentencing hearing held on February 27, 2023, the trial court sentenced Ball to a ten-month prison term and ordered her "to pay court costs." The sentencing entry likewise provided that Ball "shall pay the court costs in this case." On March 2, 2023, the clerk of courts filed a statement of costs totaling $4,514. Of that total, the sum of $4,164 related to the costs of Ball's extradition from Texas to Ohio to face the Clermont County indictment.

{¶ 7} Ball appeals, asserting in a single assignment of error that "[t]he trial court erred in assigning the costs of extradition as court costs to be paid by [Ball]."

## II. DISCUSSION.

### A. Assessment and Collection of Court Costs Under R.C. 2947.23(A)(1) and R.C. 2949.14.

{¶ 8} R.C. 2947.23(A) provides that "[i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under [R.C.] 2947.231, and render a judgment against the defendant for such costs."

{¶ 9} The Ohio Supreme Court has construed the phrase "costs of prosecution" in R.C. 2947.23(A)(1) as follows:

> The phrase "costs of prosecution" has not been statutorily defined. However, this court clarified the term "costs" in *State ex rel. Franklin Cty. Commrs. v. Guilbert* (1907), 77 Ohio St. 333, 338: "Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action or prosecution, and which the statutes authorize to be taxed and included in the judgment or sentence." *See also State v. Perz,* 173 Ohio App.3d 99, 2007-Ohio-3962, ¶ 36, 42 [6th Dist.] (holding that costs of prosecution are those expenses directly related to the court proceeding and remanding for the trial court to determine "the actual costs of prosecution"); *State v. Christy,* [3d Dist.] Wyandot No. 16-04-04, 2004-Ohio-6963, ¶ 22 ("The expenses which may be taxed as costs in a criminal case are those directly related to the court proceedings and are identified by a specific statutory

authorization"); *State v. Holmes,* [6th Dist.] Lucas No. L-01-1459, 2002-Ohio-6185, ¶ 20 ("The 'costs of prosecution' * * * are the court costs incurred in the prosecution of the case").

*Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, ¶ 8.

{¶ 10} Consistent with the supreme court's characterization of the "costs of prosecution" in *Quinones*, extradition costs are directly related to a criminal prosecution in that the prosecution cannot proceed unless the accused is brought within the trial court's jurisdiction. Extradition costs are specifically identified by R.C. 2949.14 as a component of the costs of prosecution ("the clerk of the court of common pleas shall make and certify under the clerk's hand and seal of the court, a complete itemized bill of the costs made in such prosecution, *including [extradition costs]*") (Emphasis added.) The Second Appellate District has also found that the costs of prosecution include extradition costs. *State v. Jones*, 2d Dist. Montgomery No. 25315, 2013-Ohio-1925, ¶ 15 ("the trial court in the instant case properly considered extradition costs as a cost of prosecution pursuant to R.C. 2947.23[A][1]"). Thus, extradition costs are correctly considered as included within the "costs of prosecution."

{¶ 11} Commenting upon the import of R.C. 2947.23(A)(1), the supreme court has recognized that "[b]y statute, the imposition of court costs on all convicted defendants is mandatory. * * * As we have explained, this strict statutory language '*requires* a court to impose costs against all convicted defendants,' indigent or not." (Emphasis sic.) *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, ¶ 6, quoting *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶ 8. This court has likewise construed R.C. 2947.23(A)(1) and observed that

> Unlike financial sanctions and fines issued pursuant to R.C. 2929.18 and 2929.32, "the imposition of court costs under R.C. 2947.23 does not require the trial court to first consider the defendant's ability to pay." *State v. Hodge*, 9th Dist. Lorain No. 14CA010648, 2015-Ohio-3724, ¶ 15. A defendant's financial

> status is therefore "irrelevant to the imposition of court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, ¶ 3. Accordingly, a sentencing court must include the costs of prosecution in the sentence and render a judgment against the defendant for costs even if the defendant is indigent. *White* at ¶ 8. The legislature has imposed, and the Ohio Supreme Court has upheld, a mandatory duty placed upon trial courts.

*State v. Babyak*, 12th Dist. Madison No. CA2019-08-025, 2020-Ohio-325, ¶ 10, citing the supreme court's *White* decision.

{¶ 12} Despite the mandatory nature of a sentencing court's responsibility pursuant to R.C. 2947.23(A)(1), Ball argues that R.C. 2929.14 prohibits a sentencing court from imposing extradition costs upon an indigent felony offender. R.C. 2949.14 provides

> Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under the clerk's hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid by the board of county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a designated agent pursuant to a waiver of extradition except in cases of parole violation. The clerk shall attempt to collect the costs from the person convicted.

**B. Cases Construing Assessment and Collection of Court Costs under R.C. 2947.23(A)(1) and R.C. 2949.14.**

{¶ 13} Ball claims that she is indigent based upon the trial court's having found her so "on two separate occasions," presumably referring to the trial court's October 27, 2022 and January 20, 2023 orders that she qualified for court-appointed counsel. Ball contends that R.C. 2949.14 prohibits the trial court from assessing her with extradition costs because the statute applies only to nonindigent persons and therefore she "cannot be ordered to pay extradition costs." In support of her argument, Ball cites *State v. Beckwith*, 8th Dist. Cuyahoga No. 111024, 2022-Ohio-2362; *State v. Maurer*, 8th Dist. Cuyahoga No. 103162, 2016-Ohio-1380; *State v. Jones*, 8th Dist. Cuyahoga No. 108438, 2020-Ohio-1272; and

*Jones*, 2013-Ohio-1925.

{¶ 14} In *Maurer* and the Second Appellate District's *Jones* opinion, the courts of appeals upheld orders imposing the costs of extradition and observed that "under R.C. 2947.23(A)(1) and R.C. 2949.14, the trial court may impose the cost of extradition upon a non-indigent felony defendant[.]" *Jones* at ¶ 15; *Maurer* at ¶ 30.[1] However, neither case involved an indigent offender. Thus, the courts of appeals were not called upon to consider whether R.C. 2949.14 prohibits the imposition of extradition costs under R.C. 2947.23(A)(1) upon an indigent felony offender. "A reported decision, although a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 11.

{¶ 15} On the other hand, the Eighth Appellate District's opinions in *Jones* and *Beckwith* each hold that R.C. 2949.14 prohibits assessment of extradition costs against an indigent felony offender: "[R.C.]2949.14 does not authorize the trial court to assess the costs of Beckwith's extradition as prosecution costs against an indigent felony offender." *Beckwith*, 2022-Ohio-2362 at ¶ 31; *Jones*, 2020-Ohio-1273 at ¶ 34.

{¶ 16} In *White*, the supreme court considered the interplay of R.C. 2747.23 and 2949.14, and determined that "R.C. 2949.14 does not govern a court's ability to assess costs. It governs only a clerk's ability to collect assessed costs from nonindigent defendants. Moreover, R.C. 2947.23 does not prohibit a court from assessing costs against an indigent defendant; rather it *requires* a court to assess costs against all convicted defendants." (Emphasis sic.) *White*, 2020-Ohio-5989 at ¶ 8.

{¶ 17} In *State v. Roux*, 154 Ohio App.3d 296, 2003-Ohio-4876 (7th Dist.), the

---

1. In *Jones*, the trial court had imposed the same costs of extradition in each of two cases. The court of appeals ordered that the costs of extradition in one of the cases be vacated to prevent a double payment.

Seventh Appellate District commented upon the differing purposes of R.C. 2947.23(A)(1) and R.C. 2949.14:

> A distinction exists between ordering a defendant to pay costs and actually collecting those costs. R.C. 2947.23 merely provides that the court include costs as part of a defendant's sentence and render a judgment for those costs. This section makes no distinction between indigent and nonindigent defendants. In later attempting to collect the court-imposed costs, the clerk must then follow R.C. 2949.14. Therefore, we hold that a trial court may order an indigent defendant to pay court costs as part of his sentence.

*Id.* at ¶ 16. *See also State v. May*, 11th Dist. Ashtabula No. 2001-A-0037, 2003-Ohio-6979, ¶ 23 ("R.C. 2947.23 expressly states that the trial court 'shall' include court costs as part of a defendant's sentence. In addition, R.C. 2949.14 does not prohibit the imposition of court costs on an indigent defendant"). There is nothing in the language of R.C. 2949.14 suggesting it circumscribes a sentencing court's duty to impose court costs under R.C. 2947.23(A)(1). On the contrary and as recognized by *White*, *Roux*, and *May*, R.C. 2949.14 applies to clerks of court, not trial courts.

{¶ 18} Furthermore, accepting Ball's argument would mean that all felony offenders who are indigent at the time of sentencing would be exempt from court costs. R.C. 2949.14 does not treat extradition costs differently from other court costs. That is, if R.C. 2949.14 prohibits a sentencing court from assessing extradition costs against an indigent felony offender, then it also prohibits assessment of all other costs against such an offender. Interpreting R.C. 2949.14 as advocated by Ball would strip a sentencing court of its discretion to impose court costs against an indigent offender who the court believes would have the future wherewithal to pay the costs of her prosecution and forever foreclose collection.

{¶ 19} The trial court, therefore, did not err in ordering Ball to pay the costs of her extradition from Texas to Ohio as part of the "costs of prosecution." Ball's assignment of

error is overruled.

### III. CONCLUSION.

{¶ 20} For these reasons we decline to follow the Eighth Appellate District's opinions in *Beckwith* and *Jones*. We hold that: (1) R.C. 2947.23 requires a sentencing court to assess court costs, including the costs associated with an offender's extradition, against all convicted defendants without regard to the offender's indigency; and (2) R.C. 2949.14 limits only the clerk of court's authority to collect court costs from an indigent felony offender and has no bearing on a sentencing court's duty to impose court costs in the first instance.

{¶ 21} For the reasons set forth herein, we affirm the trial court's judgment.

S. POWELL, P.J., and PIPER, J., concur.