[Cite as *State v. Finfrock*, 2026-Ohio-2240.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JOSEPH W. FINFROCK,

    DEFENDANT-APPELLANT.

CASE NO. 1-25-58

OPINION AND
JUDGMENT ENTRY

Appeal from Allen County Common Pleas Court
Trial Court No. CR2021 0214

Judgment Affirmed

Date of Decision: June 15, 2026

APPEARANCES:

    *William T. Cramer* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Joseph Finfrock ("Finfrock"), appeals the September 29, 2025 judgment of sentence against him in the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} This case originated on June 17, 2021, when an Allen County grand jury indicted Finfrock on two counts: Count One of failure to provide notice of change of address in violation of R.C. 2950.05(F)(1) and R.C. 2950.99(A)(1)(a)(iii), a felony of the fourth degree and Count Two of failure to verify his address in violation of R.C. 2950.06(F) and R.C. 2950.99(A)(1)(a)(iii), also a felony of the fourth degree. In 2019, while on probation for a prior sexual imposition conviction, Finfrock moved to Minnesota. In making this transition, he failed to comply with the mandates of Ohio's sex offender registration law. Following his indictment in Allen County, a warrant was issued for his arrest. Although the warrant was not formally executed at that time, Minnesota authorities later notified Finfrock of the outstanding Allen County warrant during a routine traffic stop. Once notified of the outstanding warrant, Finfrock contacted Allen County law enforcement officials to resolve the matter. These discussions were left unresolved.

{¶3} Minnesota authorities subsequently imprisoned Finfrock on an unrelated offense. In 2025, he was returned to Ohio to face the charges set forth in the 2021

indictment.  Pursuant to a plea agreement, in September 2025, Finfrock pleaded guilty in exchange for the dismissal of Count One.  At sentencing, the trial court noted Finfrock's 48-year criminal history which included numerous felony offenses, including violent and sex offenses, across multiple jurisdictions.  The trial court sentenced Finfrock to serve a 12-month prison term to be served consecutively to his Minnesota prison term.

**{¶4}** Finfrock timely filed this appeal.  He raises two assignments of error.

### First Assignment of Error

**The trial court violated R.C. 2929.14(C) and R.C. 2929.41(B)(2) by imposing sentence consecutively to a prison term from another state.**

**{¶5}** In his first assignment of error, Finfrock argues the trial court erred by imposing his prison sentence consecutively to his Minnesota sentence.  He contends the record does not clearly and convincingly support the trial court's findings under R.C. 2929.14(C).  He further asserts the court abused its discretion by ordering consecutive service with an out-of-state sentence under R.C. 2929.41(B)(2).  For the reasons that follow, we disagree.

### *Standard of Review*

**{¶6}** R.C. 2953.08(G)(2) "provides the sole basis for an appellate court's review of consecutive sentences." *State v. Glover*, 2024-Ohio-5195, ¶ 40.  R.C. 2953.08(G)(2) states in relevant part:

The court hearing an appeal [of a sentence that includes consecutive sentences] shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division . . . (C)(4) of section 2929.14 . . . .

> (b) That the sentence is otherwise contrary to law.

{¶7} Thus, reviews of challenges under both R.C. 2929.14(C) and R.C. 2929.41(B)(2) are reviewed under a clear and convincing standard.[1] Accordingly, we may sustain Finfrock's challenges only if we clearly and convincingly find the record fails to support the trial court's R.C. 2929.14(C)(4) findings or his sentence is otherwise contrary to law under R.C. 2929.41(B)(2).

*Analysis*

R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

---

[1] Finfrock incorrectly asserts challenges under R.C. 2929.41(B)(2) are reviewed for abuse of discretion.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8} Crucially, "[a]s defined in R.C. 2929.01, [a] 'prison term' . . . include[s] only sanctions imposed under the Ohio Revised Code, which necessarily limits the scope of 'prison term' . . . to those sanctions imposed by Ohio courts." *State v. Warren*, 2018-Ohio-4757, ¶ 14 (1st Dist.). Accordingly, a R.C. 2953.08(G)(2)(a) analysis of the R.C. 2929.14(C)(4) factors is inapplicable to the facts of this case where the issue is imposing a consecutive sentence to an out-of-state prison term. Therefore, our analysis is limited to R.C. 2953.08(G)(2)(b) and whether the sentence imposed is otherwise contrary to law.

{¶9} While R.C. 2929.14(C)(4) is limited to prison terms imposed under the Ohio Revised Code, R.C. 2929.41(B)(2) explicitly gives trial courts authority to impose a prison term consecutively with an out-of-state prison term. R.C. 2929.41(B)(2) states:

If a court of this state imposes a prison term upon the offender for the commission of a felony and a court of another state or the United States also has imposed a prison term upon the offender for the commission of a felony, the court of this state may order that the offender serve the prison term it

imposes consecutively to any prison term imposed upon the offender by the court of another state or the United States.

{¶10} In support of his notion that the trial court erred in imposing his sentence consecutively with the Minnesota sentence, Finfrock suggests "he is aging out of criminality and no longer a danger to the public," and "his conduct in this case did not justify additional prison time insofar as he attempted to notify the sheriff when he moved to Minnesota and properly registered himself in Minnesota." (Appellant's Brief at 5). Finfrock offers no authority for the proposition that either assertion demonstrates his sentence is contrary to law. Accordingly, we find Finfrock has failed to clearly and convincingly establish that the imposition of consecutive sentences under R.C. 2929.41(B)(2) is contrary to law.

{¶11} Finfrock's first assignment of error is overruled.

## Second Assignment of Error

**The trial court violated R.C. 2929.14 by imposing the costs of prosecution, including extradition costs, after finding appellant to be indigent.**

{¶12} In his second assignment of error, Finfrock contends the trial court erred by imposing the costs of prosecution, including the extradition costs. Specifically, he argues the trial court violated R.C. 2949.14 which limits the clerk of courts to collect costs only from nonindigent persons convicted of a felony.

*Standard of Review*

**{¶13}** Finfrock failed to object to the trial court's order that he pay the costs of prosecution. "The failure to object to a trial court's order to pay the costs of prosecution . . . waives all but plain error on review." *State v. West*, 2022-Ohio-4069, ¶ 23 (3d Dist.). "To recognize plain error, we must find obvious error affecting such substantial rights that the error was outcome-determinative." *State v. Henslee*, 2017-Ohio-5786, ¶ 13 (5th Dist.), citing *State v. Noling*, 2002-Ohio-7044, ¶ 62. "In the context of sentencing, outcome-determinative means an error that resulted in a sentence which is contrary to law." *Id*. "Notice of plain error . . . is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

*Analysis*

**{¶14}** R.C. 2947.23(A)(1) states "[i]n all criminal cases, including violations of ordinances, the judge or magistrate *shall* include in the sentence the costs of prosecution . . . and render a judgment against the defendant for such costs." (Emphasis added.) R.C. 2949.14 states the following:

> Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under the clerk's hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid by the board of county commissioners, certified by the county auditor, *for the arrest and return of the person* on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a

designated agent pursuant to a waiver of extradition except in cases of parole violation. The clerk shall attempt to collect the costs from the person convicted.

(Emphasis added.)

{¶15} Finfrock points to *State v. Beckwith*, 2022-Ohio-2362 (8th Dist.), and *State v. Snowden*, 2019-Ohio-3006 (2d Dist.), for the proposition that extradition costs can only be imposed upon and collected from *nonindigent* defendants pursuant to R.C. 2949.14 and the trial court was, therefore, required to conduct an analysis of his ability to pay the extradition costs. However, *Snowden* did not find that trial courts are barred from imposing extradition costs, but merely determined that the defendant there failed to prove his indigency. *Snowden* at ¶ 94-95. By contrast, the court in *Beckwith* held that extradition costs are excluded from general prosecution costs, reasoning that because R.C. 2949.14 limits the collection of extradition costs to nonindigent defendants, those expenses cannot be broadly categorized as part of the standard costs of prosecution. *Beckwith* at ¶ 29.

{¶16} The Supreme Court of Ohio has directly addressed the intersection between R.C. 2947.23 and R.C. 2949.14, holding:

> R.C. 2949.14 does not govern a court's ability to assess costs. It governs only a clerk's ability to collect assessed costs from nonindigent defendants. Moreover, R.C. 2947.23 does not prohibit a court from assessing costs against an indigent defendant; rather it *requires* a court to assess costs against all convicted defendants.

(Emphasis in original.) *State v. White*, 2004-Ohio-5989, ¶ 8. Therefore, since a trial court is not prohibited from imposing costs of prosecution against an indigent defendant, and, in fact, is required to do so, the only remaining question is whether extradition costs are

included in the definition of "costs of prosecution." The Supreme Court of Ohio has addressed the definition of "costs of prosecution" as follows:

> The phrase "costs of prosecution" has not been statutorily defined. However, this court clarified the term "costs" in *State ex rel. Franklin Cty. Commrs. v. Guilbert*, 77 Ohio St. 333, 338 (1907). "Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action or prosecution, and which the statutes authorize to be taxed and included in the judgment or sentence."

*City of Middleburg Hts. v. Quinones*, 2008-Ohio-6811, ¶ 8. Pursuant to the Supreme Court's definition in *Quinones*, we agree with the Twelfth District's reasoning that extradition costs are prosecution costs, because "extradition costs are directly related to a criminal prosecution in that the prosecution cannot proceed unless the accused is brought within the trial court's jurisdiction." *State v. Ball*, 2023-Ohio-4352, ¶ 10 (12th Dist.). We further note that R.C. 2949.14 includes costs "for the arrest and return of the person" as costs of prosecution to be collected by the clerk of courts.

{¶17} Consequently, Finfrock's reliance on *Beckwith* and *Snowden* is misplaced. Under the controlling precedent of the Supreme Court of Ohio, R.C. 2949.14 restricts only the clerk's ability to collect costs, not the trial court's statutory obligation under R.C. 2947.23 to assess them. Because bringing an indicted defendant before the court to answer to criminal charges is an absolute prerequisite for prosecution of the case, extradition expenses are fundamentally "costs of prosecution." Because the trial court is required to assess these costs against all defendants, its judgment imposing extradition costs is affirmed.

**{¶18}** Finfrock's second assignment of error is overruled.

*Conclusion*

**{¶19}** Having found no error prejudicial to the Appellant herein in the particulars assigned and argued in the assignments of error, we affirm the judgment of the Allen County Court of Common Pleas.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WALDICK, J., concur.**

Case No. 1-25-58

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.


_____
Mark C. Miller, Judge


_____
William R. Zimmerman, Judge


_____
Juergen A. Waldick, Judge

DATED:
/jlm